FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

2021 MAY 10 PM 3: 50

CLERK-ALBUQUERQUE



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

Emma Serna,                        )
   Plaintiff,                     )
                           )
                           )
v.                                 )          **Case No.**    21cv350-JHR
                           )
                           )
BBVA BANK, a/k/a                   )
BBVA COMPASS BANK,                 )
   Defendant.                     )

### RECOVERY OF WRONGFUL GARNISHMENT FUNDS, UNAUTHORIZED TRANSACTIONS, VIOLATION OF COLLECTION TACTICS, CLAIM FOR RELIEF COMPENSATORY DAMAGES, PUNITIVE DAMAGES

## LITIGANTS IN THE COMPLAINT

Emma Serna/Plaintiff/ P.O. Box 65384 Albuquerque, New Mexico 87193
A citizen of Albuquerque, New Mexico, and of the United States.


Defendant
BBVA Bank,  a/k/a BBVA Compass Bank
Located at 701 32nd. Street
South Birmingham, Alabama 35276

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INTRODUCTION

In 2018, BBVA Bank, a/k/a BBVA Compass Bank, received a writ of garnishment from Margaret Webster, but to send the money to Margette and David Webster. The writ said it was against an Emma Serna, d/b/a Serna & Associates, LLC. The company is a limited liability Company. The writ did not say Emma Serna, Individually, and the company. The writ said doing business as Serna & Associates, LLC. Emma Serna, the Plaintiff does not own Serna & Associates, LLC. Margaret Webster was never a litigant in state lawsuit CV-2007-06641 or lawsuit CV-2007-09594. Therefore, the award and judgment are "Void". The Plaintiff does not cite the arbitrators reasoning or his decision or support his decision, but declare his decision, and it was a final decision. There was a breach of contract by Margette Webster and a noncompliance with the terms of payments, and the arbitrator did not correctly apply warranty of the law according to breach of contract on a construction law. The award/judgment is Final without an appeal. Margette Webster did not follow the correct legal procedure to correct the award, therefore, the debt belongs to someone else.

However, not all contracts are enforceable, just like not all awards are enforceable. Contract law's defenses include fraud, mistake, duress, undue influence, unconscionability, and illegality. These generally resemble the FAA's grounds for vacating an arbitration award. FAA's 10(a)(1)'s "corruption, fraud, or undue influence and duress.. FAA 10(a)(2)'s "partiality or corruption" and

10(a)(3)'s "misconduct" or "misbehavior".

## COUNT 1

BBVA Bank did not verify the Award/Judgment was for the proper person, and BBVA is federally regulated and falls under the provisions of the FAA's laws. BBVA has a fiduiary duty to his/her customer to investigate the accuracy of a Writ of garnishment instead of causing such undue frustration, and intentionally violating banking practices.

## COUNT II

There was plenty of evidence that Margette Webster wrongfully filed the writ of garnishment action, and the Plaintiff, Emma Serna, is not the debtor of any writ that was issued for Margaret Webster to BBVA.  Margette Webster never entered any evidence that she had an interest in Emma Serna, d/b/a Serna & Associates Construction Co., LLC.  Margette never had an interest in Margaret Webster, a non-party litigant had the interest.

## COUNT III

Violation of the FDCPA and of the Consumer Protection Act of 2010. A.C.A. 18-50-116 (d)(2) violated honest services.  Stating payments were past due when the bank was giving mortgage payments to Margette Webster. Truth-in-Lending Act 15 U.S.C. 1638(a)(10) Failure to disclose/ payment were going to be taken from HELOC.  Caused injury to the Plaintiff.

## COUNT IV

FRCP, FRCP 17(a) Relief from the operation of the judgment. TILA is a remedial Statute, and, hence, is liberally construed in favor of borrowers. The remedial objectives of TILA are achieved by imposing a system of strict liability in favor of consumers when mandated disclosures have not been made. Thus, liability will flow from even minute deviations from the requirements of the statute and the Regulations promulgated under it. BBVA had an obligation to disclose payments were being made to Margette Webster from the Plaintiff's account, and how much. Dixon v. S & S Loan Service of Waycross, Inc. 754 F.Supp. 1567 (1990). 1692(e) a debt collector could not use any false, deceptive, or misleading representations or means in connection with the collection of Any debt: Unfair Debt Collections Practice Act. Woolfolk v. Van Ru Credit Corp., 783 F.Supp. 724 (1990).

## COUNT V

Disputed Debt. The debt collector, BBVA Bank, knew the debt was being disputed, but continued collecting while the dispute was in front of the Consumer Financial Protection Bureau, and during the first filed lawsuit against BBVA. 1692g(b).

Wright v. Mid-Penn Consumer Discount Co., 133 B.R. 704 (E.D. Pa. 1991) holding that creditor failed to make material disclosures in connection with one loan.

Civil money penalty orders under 12 U.S.C. 1818 (i) requires a bank or an individual to pay a monetary penalty.

The FDCPA provides that collectors shall not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection wth the collection of a debt, 15 U.S.C. 1692d, use any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. 1692e, or use unfair or unconscionable means to collect or attempt to collect any debt.  The Plaintiff, and her family were injured when they had to make 2 payments every months on their HELOC, just to keep their credit rating in good standing.  BBVA bank did a big injustice to the Plaintiff by honoring a void judgment, and their negligence and refusal to do their rightful investigation into whether the writ of garnishment, and the judgment were valid.  Both were void from their inception.  The Judgment/Award was made out to a litigant that does not exist, and has never been a party to the state lawsuit, and the company Serna & Associates, LLC does not exist, and is not registered with the State of New Mexico.  Therefore, the Judgment, and all the orders, writs, and pleadings are all void.

The bank never verified the balance to be true, correct and still owing or if it belonged to the Plaintiff or the company or if the company existed.  This constituted deprivation of life, liberty, and property.  Failure to proceed in a fair and legal procedure.  The committed unconscionable wrong to their own client, by taking a $10,000.00 payment, made out to BBVA, and converting the

funds to pay Margette Webster, a person that Does Not Have A Judgment, of any kind, against Emma Serna.

The bank is liable in negligence for authorizing fraudulent payments out of the Plaintiff's account. Plaintiff made her monthly payment on her mortgage/ HELOC, and the bank would convert it to a payment to Margette Webster. It is illegal to use abusive, unfair and deceptive practices to collect on a false debt.

The FDCPA requires validation of debt and debt receiver. "Margaret Webster" never existed, as a litigant or a party member, and the Court adopted the Judgment to Margaret Webster. Margette Webster wrote in a/k/a Margette Webster on the judgment without the courts approval.

Margette Webster is in violation of Title 18, U.S.C., Section 10, Identification Fraud, 18 U.S.C. 1028, Financial Fraud Title 18 U.S. C. 1344. Margette Webster wrongfully used Margaret Webster's judgment to obtain funds from the Plaintiff's bank accounts.

58-21-20 False statement unlawful under mortgage loan co. Act [58-21-1 NMSA 1978] for any person to make or cause to be made in any document filed with the bank in any proceeding (it) the document is made false or is deceitful upon any person. 49 CFR 1570.5 Intentional falsification of records cause to be made attempt, or cause to attempt any alteration, for fraudulent purpose, of any record, or identification medium issued under this subchapter. BBVA ignored its due diligence findings that Margette Webster concealed material and misrepresented

herself as "Margaret Webster". Therefore, the Defendant engaged in deceptive and abusive practices in the course of paying on a Void writ of garnishment. BBVA hid the fact that it was reshuffling the mortgage payments in order to force the Plaintiff to make the payments on the "Void writ of garnishment'.

## CONCLUSION

BBVA was negligent, and refused to take affirmative action to correct or remedy any conditions resulting from any violations or practices, and continue this pattern. Prompt corrective action directives by the FDIC insured banks are subject to mandatory and discretionary actions. These were unauthorized transactions and the Plaintiff was thrown into a state of oppression.

Consumer Credit Protection Act of 1968. The Act mandates disclosure Requirements that must be followed by consumer lenders. This is a Federal Law, The Fair Debt Collection Practice Act, Pub. L 95-109, 91 Stat. 874 codified as 15 U.S.C. 1692-1692p. Consumer Protection amendment Title VIII of the Act eliminates abusive practices with an avenue to dispute and obtain validation of debt information to ensure the informations accuracy.
There are penalties and remedies for violations of this Act, and I ask the Court to execute these penalties and remedies.

A Wrongful garnishment 6 Am. Jur. 2d Attachments & Garnishment 609

No indebtedness exists or existed [FN57], and Margette Webster lacked

probable cause, [FN61], and the writ was entered into court by error.

This Court has jurisdiction because there are federal questions, and no one

Is  or has questioned the arbitrators award.  The question here is why would

BBVA use unauthorized banking services and activate a closed Line Of Credit

and make withdrawals without the customers authorization or approval.  This

falls under the wrongful Acts as a Torts law, and the Plaintiff has a right to

pursue to be compensated for these wrongful Acts.  The intentional use of

the Plaintiff's funds arise under the laws of the United States.

PRAYER OF RELIEF

The Plaintiff therefore prays this court will recover the unauthorized and improperly disbursed funds that the BBVA Bank withdrew from the Plaintiff's accounts. This was done in Bad Faith, and BBVA told the Plaintiff , "that since she did not have an attorney representing her, the Bank was going to disburse the Plaintiff's funds. The Arbitrator made his decision, and the judge adopted the award/judgment as it was written, and we are now (6) Years later.
There is no judgment against Emma Serna, and the arbitration award/judgment is a void judgment, and the Constitution declares the judgment Void.

Therefore, the Plaintiff prays that her inheritance of $10,599.00 be returned with interest. The $10,000.00 payment on the HELOC with interest be returned that was never posted on the Plaintiff's account, and copy is enclosed, and a complete audit be commenced to reveal the date and true amounts were deducted from each months payments, and were distributed to "Margette Webster", the person that does Not hold a judgment, and has used identiy theft, and return with interest all these funds to the Plaintiff. Plus Compensatory damages, Punitive damages, and stop the Bank's conduct that is causing so much harm, and oppression to the Plaintiff and her family. This has been

a tragic injury because of the insensitive and careless attitude of BBVA.

Relief on Counts from 1thru 5 apply to this request for relief, and an

additional $100,000.00 for not solving their liability.

Respectfully submitted,

Emma Serna, Pro Se
P.O. Box 65384
Albuquerque, NM 87193
(505)321-1661

JURISDICTION:

U.S.C..A. Const. Amendment 5 –

1.State has a duty to offer a fair and effective law enforcement, and not deprive A lititgant of the right to defend herself/himself.

2.  Due process of law.  A void judgment is one that, from its inception, is complete nullity and without legal effect,  Holstein v. City of Chicago, 803 F.Supp. 205.  A void judgment is one which, from its inception, was, was a complete nullity and without legal effect, Rubin v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985).

3.  A void judgment is one rendered by a court which lacked jurisdiction, either of The subject matter or the parties.  Wahl v. Round Valley Bank, 38 Ariz. 411, 300 P.955 (1931)

4.  A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or indirectly, provided that the party is properly Before the court.  See Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999).

5.  A void judgment or order need not be entered as void, by a judge as void Only an inspection of the inspection of the record shows that the judge did not have jurisdiction or violated a person's due process.

6.  The Fourteenth Amendment, State Action Clause, declares that a state cannot make or enforce any law that abridges the privileges or immunities of any citizen.

7.  Violation of the mortgage act 58-21-8 NMSA 1978/ engaged in conduct "the Natural consequences of which is to harass, oppress or abuse any person with the collection of a debt.

8.  Subject Matter Jurisdiction:  12 U.S.C. 632 which creates  federal jurisdiction over all suits of a civil nature at common law or in equity to which any Federal Reserve Bank shall be a party.

9.  Federal and state laws treat banks in the same authority.

10. 28 U.S.C. 1332 Diverse Jurisdiction, BBVA Bank a/k/ BBVA Compass Bank is located and has its garnishment and levy department located in Alabama, and the Plaintiff resides in New Mexico.

11. Subject Matter Jurisdiction: Constitution/ 14th Amendment, Section one.

12. 28 U.S.C.A., Constitution Amendment 5, Federal Rules of Civil Procedure Rule 60(b)(4).
13. FDIC Law regulations consumer protection 15 U.S.C. 1602(n).

14.    S.S. Act 465 (a) and 466(b) cite the consumer credit protection Act, and Fair Credit Reporting Act (Title VI of P.L. 90-321).

15. The invasion of individual privacy 15 U.S.C. 1692.

16. Determine the validity and accuracy of the debt, 15 U.S.C. 1692G.

17. Civil money penalty orders under 12 U.S.C. 1818 (i) requires a bank or an individual to pay a monetary penalty.

18. Wrongful Garnishment 6 Am Jur. 2d Attachments & Garnishments 609, [FN61].

19. No Indebtedness exists, [FN57].

20. Margette Webster recorded a false or forged instrument-Penal Code Section 115.

21. 49 CFR 1570.5 intentional falsification of records (b) any reproduction or Alteration, for fraudulent purpose, of any record, report, or identification medium Issued under this chapter or pursuant to standards in this subchapter.