IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA,

        Plaintiff,

v.                                     No. 1:21-cv-00450-KG-JHR

BBVA BANK,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on *pro se* Plaintiff's Answer to Order to Show

Cause, Doc. 6, filed May 24, 2021; and Plaintiff's Second Answer to Order to Show Cause, Doc.

7, filed June 16, 2021.

Plaintiff's Answers to Order to Show Cause

This is the second case Plaintiff has filed against Defendant BBVA Bank. In her first case,

Plaintiff alleged that Defendant BBVA Bank received a writ of garnishment arising from a state-

court judgement, the state-court judgment is void, Defendant BBVA Bank is improperly

withdrawing funds from Plaintiff's accounts, and stated "[t]he writ of garnishment needs to be

dissolved." *See* Amended Complaint at 4-8, Doc. 5, filed January 15, 2021, in *Serna v. BBVA*

*Bank*, No. 1:20-cv-01344-KWR-SCY ("*Serna I*").

United States District Judge Kea W. Riggs dismissed *Serna I* without prejudice for lack of

subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine,[1] which "prohibits a losing

---

[1] The *Rooker-Feldman* doctrine:

      bars federal district courts from hearing cases "brought by state-court losers
      complaining of injuries caused by state-court judgments rendered before the district

party in state court from seeking what in substance would be appellate review of the state judgment in a United States District Court," because Plaintiff requested "the Court to void state court judgments and orders directing garnishment," and because Plaintiff "sought reimbursement from BBVA for the funds garnished pursuant to the state court judgment." Dismissal Order at 3-4, Doc. 24, filed March 29, 2021, in *Serna I*.

In this case, Plaintiff alleges that Defendant BBVA Bank received a writ of garnishment arising from a state-court judgment. *See* Recovery of Wrongful Garnishment Funds, Unauthorized Transactions, Violation of Collection Tactics, Claim for Relief Compensatory Damages, Punitive Damages at 3, Doc. 1, filed May 10, 2021 ("Complaint"). Plaintiff asserts that the judgment in state-court judgment "Void." *See* Complaint at 3. Plaintiff seeks to recover the funds garnished from Plaintiff's accounts and asks the Court to stop Defendant BBVA Bank from garnishing Plaintiff's funds. *See* Complaint at 10.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that it appears the Court lacks subject matter jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine because this case is based on the same facts alleged in, and seeks relief similar to that sought in, *Serna I*. *See* Order to Show Cause at 2, Doc. 4, filed May 13, 2021. Judge Ritter ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

---

court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

In her First Answer to the Order to Show Cause, Plaintiff states the Court has subject-matter jurisdiction because Defendant BBVA Bank is governed by federal law. Plaintiff also states: "A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, or create legal rights." Answer at 2. Plaintiff does not otherwise address whether the *Rooker-Feldman* doctrine deprives the Court of jurisdiction to hear this case. Plaintiff's Second Answer to the Order to Show cause similarly states Defendant BBVA Bank "is regulated under Federal rules" but does not address whether the *Rooker-Feldman* doctrine deprives the Court of jurisdiction to hear this case. Second Answer at 1.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Plaintiff brought this case after losing in a state-court case and complains of injuries caused by the state-court judgment. Plaintiff has not cited any state appellate decisions ruling that the state-court judgment is void. The relief Plaintiff requests would undo the state court's judgment. *See* Complaint at 5 (Plaintiff seeks "Relief from the operation of the judgment"); at 10 (Plaintiff "prays this court will recover the unauthorized and improperly disbursed funds that the BBVA Bank withdrew from the Plaintiff's accounts;" Plaintiff requests that the Court "stop the Bank's conduct").

Court's Power to Impose Filing Restrictions

As discussed below, Plaintiff has filed numerous cases involving the same facts. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

3

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt,* 732 F.3d 1171, 1174 (10th Cir. 2013).

<u>Litigant's Abusive History</u>

Plaintiff has filed five cases involving the same subject matter in this Court. *See Serna v. Webster,* No. 1:17-cv-00020-JB-JHR (closed March 31, 2018); *Serna v. White,* No. 1:20-cv-00299-MV-SCY (closed June 30, 2020); *Serna v. Cooksey,* No. 1:20-cv-00689-JB-KRS (pending); *Serna v. BBVA Compass Bank,* No. 1:20-cv-01344 (closed March 29, 2021); *Serna v. BBVA Bank,* No. 1:21-cv-00450-KG-JHR (this case) (collectively "the *Serna* Cases"). In *Serna I,* Judge Riggs summarized Plaintiff's filing history:

This matter stems from a construction contract dispute in a New Mexico state court suit, *Webster et al. v. Serna,* D-202-CV-2007-6641 (Second Judicial District Court). Ms. Serna lost, and judgment and damages were entered against Ms. Serna, which were affirmed by the New Mexico Court of Appeals. Multiple petitions to the New Mexico Supreme Court were denied.

As Judge Brickhouse wrote, "the underlying litigation in *Webster I* has now persisted for well over a decade. Plaintiff has filed numerous related proceedings in state district and appellate courts, as well as in federal district court and the Tenth Circuit, losing at every tribunal. Plaintiff has repeated the same arguments for over a decade, and every tribunal to address the subject has uniformly concluded that

summary judgment was never granted in Plaintiff's favor." Doc. 10-1 at 26, Ex. F (Order Dismissing the case and imposing filing restrictions). Plaintiff has had filing restrictions imposed on her in New Mexico state district court, New Mexico Supreme Court, and this federal district court. At Defendant's request, the Court takes judicial notice of the numerous judicial proceedings filed in New Mexico state courts, this district court, and the Tenth Circuit.

In July 23, 2015, the state district court entered a judgment adopting an arbitration award in favor of Margette and David Webster and against Emma Serna for a total award of $57,443.40 with post-judgment interest rate at 10% per year. *See Margette Webster v. Emma Serna*, Case No. D-202-CV-2007-06641, July 23, 2015 (Judgment Adopting Arbitration Award), Doc. 10-1 at 7, Ex. B. The state district court judgment was affirmed by the New Mexico Court of Appeals, and the New Mexico Supreme Court denied Plaintiff's many petitions. *See* Doc. 10-1 at 9, Ex. C (New Mexico Court of Appeals Order affirming state district court); Doc. 10-1, Ex. D (New Mexico Supreme Court order imposing filing restrictions and noting that Emma Serna's arguments had already been rejected in five separate cases before the New Mexico Supreme Court).

Doc. 24 at 1-2, filed March 29, 2021 in *Serna I*. United States District Judge James O. Browning restricted Plaintiff from proceeding *pro se* against the defendants in Plaintiff's first case filed in the District of New Mexico after stating:

This litigation, in one form or another, has persisted for over a decade. The underlying litigation has gone up and down the New Mexico court system, and Serna has lost at every turn. Serna has been so persistent in her erroneous interpretation that every level of the New Mexico courts have imposed filing restrictions on Serna because of her frivolous and abusive filings. See Order Limiting the Filing of Further Substantive Motions Without Prior Court Approval (dated Marcy 15, 2016), filed February 9, 2017 (Doc. 34-5)(imposing filing restrictions in the Court of Appeals of New Mexico); Order on Remand (dated July 11, 2016), filed February 9, 2017 (Doc. 34-6)(imposing filing restrictions in the Second Judicial District Court, County of Bernalillo, State of New Mexico); Order (dated September 12, 2016), filed February 9, 2017 (Doc. 34-7)(imposing filing restrictions in the Supreme Court of New Mexico). Despite having three levels of the judiciary explain the flaws in her argument, Serna persists.

Serna's history with these Defendants is lengthy and abusive, as set forth in the state court record and as the voluminous and duplicative filings in this case make clear.

Doc. 153 at 91, filed September 30, 2017 in *Serna v. Webster*, No. 1:17-cv-00020-JB-JHR (the filing restrictions imposed by Judge Browning in *Serna v. Webster*, No. 1:17-cv-00020-JB-JHR,

did not apply to Plaintiff's complaints against Defendant BBVA Bank because Defendant BBVA Bank was not a party in *Serna v. Webster*, No. 1:17-cv-00020-JB-JHR).

Proposed Filing Restrictions

      The Court proposes to impose the following filing restrictions on Plaintiff.

      Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

      Plaintiff also will be enjoined from initiating further litigation in this Court regarding this subject matter or the other Parties in the *Serna* Cases, and the Clerk will be directed to not file any initial pleading that she submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

      Plaintiff also will be enjoined from initiating future litigation in this Court regarding other subject matter and persons who were not parties in the *Serna* Cases, and the Clerk will be directed to not file any initial pleading that she submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

      1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, her claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that she will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

Opportunity to Be Heard

The Court grants Plaintiff an opportunity to show cause why the Court should not enter the proposed filing restrictions.

IT IS ORDERED that:

(i)     This case is DISMISSED without prejudice.

(ii)    Within twenty-one (21) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect twenty-one (21) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
UNITED STATES DISTRICT JUDGE