IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA,

        Plaintiff,

v.                                                      No. 1:21-cv-00450-KG-JHR

BBVA BANK,

        Defendant.

## MEMORANDUM OPINION AND ORDER IMPOSING FILING RESTRICTIONS AND DENYING PLAINTIFF'S MOTION TO FILE A NEW COMPLAINT

THIS MATTER comes before the Court on *pro se* Plaintiff's Objection to Order of Dismissal and Filing Restrictions and to Show Cause, Doc. 13, filed July 12, 2021 ("Objection"), and Plaintiff's Petition Requesting Leave of Court to File a Pro Se Initial Pleading, Doc. 16, filed July 12, 2021.

Procedural Background

This is the second case Plaintiff has filed against Defendant BBVA Bank. United States District Judge Kea W. Riggs dismissed Plaintiff's first case against BBVA Bank without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which "prohibits a losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States District Court," because Plaintiff requested "the Court to void state court judgments and orders directing garnishment," and because Plaintiff "sought reimbursement from BBVA for the funds garnished pursuant to the state court judgment." Dismissal Order at 3-4, Doc. 24, filed March 29, 2021, in *Serna v. BBVA Bank*, No. 1:20-cv-01344-KWR-SCY ("*Serna I*").

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that it appears the Court lacks subject matter jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine because this case is based on the same facts alleged in, and seeks relief similar to that sought in, *Serna I*. *See* Order to Show Cause at 2, Doc. 4, filed May 13, 2021.  Judge Ritter ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

After considering Plaintiff's responses to the Order to Show Cause, the Court dismissed this case without prejudice for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  *See* Doc. 11, filed June 24, 2021.

Filing Restrictions

After setting forth Plaintiff's lengthy and abusive history in numerous cases during the past 10 years involving the same facts, with five cases in the District of New Mexico and cases in State of New Mexico District Court, the New Mexico Court of Appeals, the New Mexico Supreme Court and the Tenth Circuit Court of Appeals, the Court ordered Plaintiff to show cause why the Court should not impose filing restrictions so that the Court does not expend valuable resources addressing future such cases.

The Court overrules Plaintiff's Objection to the Order of Dismissal and the proposed filing restrictions.   Plaintiff's Objection repeats her contentions that the parties in the underlying state-court case made misrepresentations, that the state-court made mistakes, and that the state-court judgment is void.  The Court has previously determined that it does not have jurisdiction to hear those issues.  Plaintiff has not stated any valid arguments showing that the *Rooker-Feldman* doctrine does not bar the Court from hearing those arguments and has not asserted any reasons why the Court should not impose filing restrictions.

The Court now imposes the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this Court regarding this subject matter or the other Parties in the *Serna* Cases, and the Clerk will be directed to not file any initial pleading that she submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

Plaintiff also will be enjoined from initiating future litigation in this Court regarding other subject matter and persons who were not parties in the *Serna* Cases, and the Clerk will be directed to not file any initial pleading that she submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, her claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of

existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that she will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

      3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

Petition to File New Complaint

      The Court denies Plaintiff's Petition Requesting Leave of Court to File a Pro Se Initial Pleading, Doc. 16, filed July 12, 2021 ("Petition"). Plaintiff "petitions this court for Leave of Court to file a new Complaint." Petition at 1. Plaintiff has not filed a copy of her proposed new complaint, but states:

> The State Courts deprived the Plaintiff, Emma Serna, of defending herself ... What transpired in State District Court, and the malicious treatment should not affect the

outcome of this case or any case.  The Plaintiff asks for an opportunity to prove the wrong and injuries that the Plaintiff has endured.

Petition at 2.  The Court denies Plaintiff's Petition because it appears that she wishes to litigate the same issues this Court has previously determined it is barred from hearing pursuant to the *Rooker-Feldman* doctrine.

    IT IS ORDERED that:

    (i)    Plaintiff's Objection to Order of Dismissal and Filing Restrictions and to Show Cause, Doc. 13, filed July 12, 2021, is OVERRULED.

    (ii)    The filing restrictions set forth above are now IMPOSED.

    (iii)    Plaintiff's Petition Requesting Leave of Court to File a Pro Se Initial Pleading, Doc. 16, filed July 12, 2021, is DENIED.

*[signature]*
_____
UNITED STATES DISTRICT JUDGE